THE SCOTT FERTILIZER COMPANY vs. LYDIA C. MALONEY.

*Affidavit of Defense—Payment; by note for the Demand of the Plaintiff—Practice.*

Judgment refused where the affidavit of defense alleged that the book entries charged in plaintiff's affidavit of demand have been fully settled and paid for, the plaintiff having accepted the note of the defendant for the sum demanded.

(*November 3, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J. sitting.

*Henry Ridgely, Jr.,* for plaintiff.

*Richard R. Kenney* and *Arley B. Magee* for defendant.

Superior Court, Kent County, October Term, 1905.

Summons case.

The defendant filed the following affidavit of defense, viz:

"STATE OF DELAWARE,  ⎱
   "KENT COUNTY,  ⎰ SS.

"Be it remembered that on this twenty-sixth day of October, A. D. 1905, before me, Edwin F. Wood, a Notary Public for the State of Delaware, personally came Lydia C. Maloney, the defendant in the above stated suit, who having been by me duly sworn, according to law, doth depose and say that she is the defendant in the above stated suit; that she verily believes that there is a legal defense to the whole of the cause of action in the above stated suit the nature and character whereof is as follows, namely:

"That the book entries charged in the plaintiff's affidavit of demand against her the said defendant have been fully settled and paid for, the said plaintiffs in the said suit on December 15, 1903,

taking and accepting the note of Frank E. Maloney due at six months from date for the said sum claimed by these plaintiffs against this defendant, namely: Two hundred and thirty-one dollars and twenty-two cents ($231.22) and that she the said defendant is therefore indebted to the said plaintiffs in no sum whatever, the demand of the said plaintiffs having been fully satisfied and paid."

(The above affidavit was duly signed and sworn to before the said Justice of the Peace.)

*Ridgely*, for plaintiff, asked for judgment notwithstanding the affidavit of defense, on the ground that there was no allegation in the affidavit that the note referred to therein was accepted as payment of the claim of the plaintiff, which averment was necessary under the uniform decisions of the Court.

*R. R.Kenney for defendant :*—The word "payment" has been held by this Court to be sufficient in an affidavit of defense.

GRUBB, J.:—It has always been the policy of this Court not to grant snap judgments, if there is a sufficient indication that there is a *bona fide* defense.

LORE, C. J.:—We think, under our rulings, that the affidavit of defense is sufficient as it stands. We refuse judgment.

Judgment refused.